# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 17-cv-61894-BLOOM/Valle

QUALITY OF LIFE, CORP., *et al.*,

      Plaintiffs,

v.

THE CITY OF MARGATE,

      Defendant.

_____/

## <u>OMNIBUS ORDER</u>

**THIS CAUSE** is before the Court upon Plaintiffs Quality of Life, Corp. and MMJ Financial Services, Inc.'s ("Plaintiffs") Corrected Motion for Reconsideration of the Court's Summary Judgment Order or in the Alternative, to Stay the Case and Remand for City Review of Plaintiffs' Applications (the "Motion for Reconsideration"). *See* ECF No. [261]. Also pending before this Court is the Defendant The City of Margate's ("Defendant" or "City") Motion to Strike Plaintiffs' Notice of Filing Transcript of June 3, 2015 City Commission Hearing, ECF No. [291] (the "Motion to Strike"). The Court has reviewed the motions, the supporting and opposing submissions, the record and applicable law, and is otherwise fully advised. For the reasons that follow, both motions, ECF Nos. [261] and [291], are denied.

The parties filed cross-motions for summary judgment. *See* ECF Nos. [147] and [179]. On September 7, 2018, the Court held a hearing on the parties' cross-motions for summary judgment. See ECF No. [231]. On September 14, 2018, the Court entered an order denying Plaintiffs' Motion for Partial Summary Judgment and granting the Defendant's Motion for Summary Judgment in full, ECF No. [251] (the "Order"). The Court dismissed Plaintiffs' case with prejudice and granted judgment as a matter of law in favor of the Defendant. *Id.* On

October 15, 2018, Plaintiffs timely filed its Motion for Reconsideration. ECF No. [255]. On October 18, 2018, with the Court's permission, Plaintiffs amended their Motion for Reconsideration and filed the Corrected Motion for Reconsideration, ECF No. [261], which is presently pending before this Court. Plaintiffs argue that the Court erred in its Order because genuine issues of material fact remain, precluding the entry of summary judgment and that "new or more fully developed arguments" should be evaluated to avoid manifest injustice. ECF No. [261], at 1-2.

On October 19, 2018, Plaintiffs then filed a Motion for Leave to Conventionally File Recordings of Margate City Commission Meetings, ECF No. [263] ("Motion for Leave"), which the Court subsequently denied as untimely and improper. *See* ECF No. [271]. On October 31, 2018, Plaintiffs filed a Notice of Filing Transcript of June 3, 2015 City Commission Hearing, ECF No. [274] (the "Notice of Filing"), which seeks to introduce a transcript of one of the same recordings Plaintiffs previously moved to file conventionally. *Compare* ECF No. [274] ("Plaintiffs . . . give notice of their filing the attached transcript of the City Commission hearing from June 3, 2015") *with* ECF No. [263] ("Specifically, the flash drive includes a video recording of . . . the June 3, 2015, City Commission meeting."). Defendant then moved to strike the Notice of Filing, arguing that it was untimely and improper, was a "flagrant disregard for the Court's Order," and was an attempt to run "afoul of the prohibition about raising new evidence in a reply brief." ECF No. [291], at 3. Plaintiffs argue in response, among other grounds, that Defendant's Motion to Strike is untimely. ECF No. [292], at 9.

Federal Rule of Civil Procedure 12(f)(2) states that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter . . . on motion made by a party either before responding to the pleading or, if a response is not allowed,

*within 21 days* after being served with the pleading." F.R.C.P 12(f)(2) (emphasis added).

Defendant filed its Motion to Strike on December 6, 2018, thirty-six days after the Notice of

Filing was filed. While the Court denies the Motion to Strike as untimely, it nevertheless agrees

with the Defendant that the Notice of Filing is an attempt to circumvent the Court's Order

denying Plaintiffs' Motion for Leave. Like Plaintiffs' Motion for Leave, the Notice of Filing is

untimely and improper. Moreover, as conceded by Plaintiffs' in their Motion for Leave, the

transcript Plaintiffs attempt to introduce is not evidence that is "newly discovered." Indeed, the

Plaintiffs were not only present at the June 3, 2015 commission meeting when it took place, but

they also admit in their Motion for Leave that the "recordings were downloaded directly from the

City's website." ECF No. [263], at 1. It would be improper for the Court to consider evidence

that was previously available to a party, but that they elected not to put forward, in support of a

motion for reconsideration. Accordingly, while the Court denies Defendant's Motion to Strike,

ECF No. [291], it will not consider the transcript attached to the Notice of Filing in considering

Plaintiffs' Motion for Reconsideration.

In reviewing a motion for reconsideration, the Court "will not alter a prior decision

absent a showing of 'clear and obvious error' where 'the interests of justice' demand correction."

*Prudential Securities, Inc. v. Emerson*, 919 F. Supp. 415, 417 (M.D. Fla. 1996) (quoting

*American Home Assurance, Co. v. Glenn Estess & Assoc. Inc.*, 763 F.2d 1237, 1239 n.2 (11th

Cir. 1985). "[R]econsideration of a previous order is an extraordinary remedy to be employed

sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla.

2002). "[T]he moving party must set forth facts or law of a strongly convincing nature to induce

the court to reverse its prior decision." *Id*. at 1369. "The three primary grounds that justify

reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new

evidence; and (3) the need to correct clear error or prevent manifest injustice." *Delaware Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (11th Cir. 2010) (internal quotation omitted). "While a party may seek to correct clear errors in a motion for reconsideration, [a]n error is not clear and obvious if the legal issues are at least arguable." *Leonard v. Astrue*, 487 F. Supp. 2d 1333, 1341 (M.D. Fla. 2007) (internal quotations omitted) (*citing United States v. Battle*, 272 F. Supp. 2d 1354, 1358 (N.D. Ga. 2003)).

Plaintiffs argue that the Court erred in granting summary judgment because 1) the Court misapprehended Plaintiffs' legal arguments and the Court should reconsider these arguments to avoid manifest injustice, and 2) genuine issues of material facts remain precluding the entry of summary judgment.

The Court first notes that Plaintiffs rely on many of the same arguments in their Motion for Reconsideration as they did in their Motion for Partial Summary Judgment, ECF No. [147], and in Plaintiffs' Response in Opposition to the City's Motion for Summary Judgment, ECF No. [195]. In relitigating these arguments Plaintiffs' now claim that the Court "patently misunderstood Plaintiffs' legal arguments." ECF No. [261], at 2. Plaintiffs again argue, for the third time, that they did not have to submit a formal request for an accommodation, despite the City having a clear procedure for doing so, because such application would have been futile. *Compare* Plfs' Mot. for Partial Summ. J., [147], at 14 ("It is plainly evident that submitting a formal request for a reasonable accommodation under the City's zoning code would have been futile"); *with* Plfs' Response in Opp'n to Deft's Mot. for Summ. J., ECF No. [195], at 13 ("Despite its clear futility, Ms. Jimenez still [informally] requested a reasonable accommodation during the May 3, 2017."); *and with* Plfs' Mot. for Reconsideration, ECF No. [261], at 33 ("Plaintiffs maintain they had no obligation to make a formal application to open a detox facility

4

because the City's position was made final . . . Plaintiffs are not required to conclusively show that a formal application for a reasonable accommodation would have been futile."). Plaintiffs' Motion for Reconsideration urges the Court to reconsider its ruling "because [they] disagree with the Court's treatment of certain facts and its legal conclusions." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). This basis is sufficient to deny the Motion for Reconsideration, as motions for reconsideration cannot be used "to relitigate old matters . . . [or] raise [new] argument[s]." *Id.* Plaintiffs' Motion requests that this Court rethink what it has already considered. *See* ECF No. [251] at 37 ("Plaintiffs' futility argument is not supported by the record. Because there is no genuine issue of material fact that Plaintiffs did not submit a request for a reasonable accommodation through Defendant's established procedures, Defendant is entitled to judgment as a matter of law."). On this basis alone, the Motion for Reconsideration must be denied. Nevertheless, the Court has carefully considered Plaintiffs' arguments and finds that they are without merit.[1]

The Court is likewise unpersuaded by Plaintiffs' claim that the Court erred in granting Defendant's Motion for Summary Judgment because genuine issues of material fact remain that preclude summary judgment. As noted by the Court in its Order, "cross motions for summary judgment may be probative of the nonexistence of a factual dispute, but this procedural posture does not automatically empower the court to dispense with the determination whether questions of material fact exist." *Georgia State Conference of NAACP v. Fayette Cty. Bd. of Comm'rs*, 775 F.3d 1336, 1345–46 (11th Cir. 2015). Plaintiffs argue that the Court "erred in many

---

[1] Rather than the dismissal of the instant action, Plaintiffs also argue that the "proper solution" regarding the dispute of the formal accommodation procedure issue would be for the Court to stay this case pending the outcome of the Plaintiffs' submission of a formal application for reasonable accommodation to the City. ECF No. [261], at 35. Given the late stage of this litigation, and in light of the fact that the Court has already issued an order on the merits of this case, the Court declines to exercise its broad discretion to stay the proceedings. Accordingly, Plaintiffs request for a stay is denied.

demonstrative parts of its Order by weighing evidence and deciding fact issues, rather than determining whether factual disputes exist." ECF No. [261], at 3.

To the extent Plaintiffs argue that the Court improperly weighed evidence in rendering its ruling on summary judgment, the Court clarifies that the weight of the *undisputed* record evidence in this case compelled the Court to find that the Defendant was entitled to judgment as a matter of law. Furthermore, although Plaintiffs argue that the Court erroneously held that there were no facts in dispute, Plaintiffs fail to identify a single disputed material fact that would warrant reconsideration. The Court, therefore, rejects this argument.

Plaintiffs also argue that the Court's Order is "largely based on Defendant's misstatements of evidence," highlighting in a footnote in its Motion for Reconsideration that "[t]ellingly, Defendant's statement of the facts (ECF [180]) is cited **114 times**; whereas, Plaintiffs statement of facts (ECF [148]) is cited on seven occasions." ECF No. [261], at 1 fn. 2 (emphasis in original). While Plaintiffs take issue with the Court's record citations, they do not cite to any fact within those 114 citations that is in dispute or otherwise material. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All of the evidence referenced in the Motion for Reconsideration was considered by the Court in rendering its decision on summary judgment. The fact that every statement of fact may not have been highlighted in the Order is only indicative that those facts were not deemed *material* and were therefore not essential to the Court's analysis. Nonetheless, the Court has taken the time to scrutinize each of the facts relied upon in its Order. Consistent with its previous ruling, the Court

6

finds that there are no material issues of fact in dispute that would preclude the Court from entering summary judgment in favor of the Defendant.

Plaintiffs have not met their burden on reconsideration to establish that the Court's Order, ECF No. [251], was clearly erroneous. Accordingly, it is

**ORDERED AND ADJUDGED as follows:**

1. Plaintiffs Motion for Reconsideration, **ECF No. [261]**, is **DENIED**; and

2. Defendants' Motion to Strike, **ECF No. [291]**, is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 15th day of January, 2019.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record