UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CV-61894-BLOOM/VALLE

QUALITY OF LIFE, CORP.,
f/k/a Margate Rehabilitation
Center, *et al.*,

      Plaintiffs,

v.

THE CITY OF MARGATE,

      Defendant.

_____/

## **REPORT AND RECOMMENDATION TO DISTRICT JUDGE**

THIS MATTER is before the Court upon the following Motions: (i) Defendant City of Margate's ("Defendant's") Renewed and Revised Verified Motion for Attorneys' Fees and Costs (ECF No. 303); (ii) Defendant's Renewed and Revised Motion for Bill of Costs (ECF No. 304); and Defendant's Verified Motion for Appellate Attorneys' Fees (ECF Nos. 318, 319) (collectively, the "Motions"). United States District Judge Beth Bloom has referred the Motions to the undersigned for a Report and Recommendation. (ECF Nos. 305, 320). Accordingly, having reviewed the Motions, the respective Responses and Replies (ECF Nos. 312, 313, 314, 315, 316, 323, 326), and being otherwise duly advised in the matter, the undersigned respectfully recommends that: (i) Defendant's Renewed and Revised Verified Motion for Attorneys' Fees and Costs (ECF No. 303) be **DENIED**; (ii) Defendant's Renewed and Revised Motion for Bill of Costs

(ECF No. 304) be **GRANTED IN PART**; and (iii) Defendant's Verified Motion for Appellate Attorneys' Fees (ECF Nos. 318, 319) be **DENIED** for the reasons set forth below.[1]

## I.    BACKGROUND AND PROCEDURAL HISTORY

The procedural history of this case is set forth in the prior opinions of the District Court and Eleventh Circuit, which are incorporated by reference. *See* (ECF Nos. 251, 302, 303-1); *Quality of Life, Corp. v. City of Margate*, No. 17-CV-61894, 2018 WL 8798527, at *1 (S.D. Fla. Sept. 17, 2018), *appeal held in abeyance*, No. 18-14443-DD, 2018 WL 11009687 (11th Cir. Dec. 20, 2018), *and reconsideration denied*, No. 17-CV-61894, 2019 WL 201350 (S.D. Fla. Jan. 15, 2019), *and aff'd*, 805 F. App'x 762 (11th Cir. 2020).   Below is a summary of the proceedings relevant to the instant Motions.

On September 27, 2017, Plaintiffs filed their Complaint against Defendant under the Americans with Disabilities Act (the "ADA") and the Fair Housing Act ("FHA") seeking injunctive and declaratory relief, as well as damages.[2] *See generally* (ECF No. 1).   On September 17, 2018, the Court granted Defendant's motion for summary judgment and denied Plaintiffs' motion for partial summary judgment.   (ECF No. 251) (hereinafter, the "Summary Judgment Order").   On May 18, 2020, the Eleventh Circuit affirmed the District Court's grant of summary judgment for Defendant.   (ECF No. 302); 805 F. App'x 762.

Defendant initially filed its Bill of Costs and Verified Motion for Attorneys' Fees on October 17 and 29, 2018, respectively.   (ECF Nos. 258, 267).   On November 13, 2018, Plaintiffs filed a motion to stay Defendant's Motion for Attorneys' Fees and Bill of Costs pending

---

[1] The undersigned finds that the briefs on the Motions are sufficient to determine the issues. Therefore, Plaintiffs' requests for a hearing is denied.  *See* (ECF No. 312 at 20).

[2] Plaintiffs are Quality of Life Corp. and MMJ Financial Services, Inc. (two Florida entities owned by Myriam Jimenez ("Owner")).  (ECF No. 303-1 at 2).  The claims involve a property located at 603 Meleleuca Drive, Margate, Florida (the "Property").  (ECF No. 1 at 2).

reconsideration and appeal.  (ECF No. 281).  On December 27, 2018, the District Court granted

Plaintiffs' motion to stay the determination on fees and costs.  (ECF No. 296).  On May 18, 2020,

the Eleventh Circuit affirmed the District Court's grant of summary judgment.  (ECF No. 302).

On May 22, 2020, the instant Motions followed.  In connection with the District Court proceedings,

Defendant seeks: (i) $398,546 in attorneys' fees; (ii) $23,511.13 in taxable costs; and

(iii) $16,271.02 in non-taxable costs.  (ECF Nos. 303 at 14, 304 at 12).  Defendant also seeks

$37,732 in appellate attorneys' fees.  (ECF No. 318 at 21).

## II.    LEGAL STANDARDS

### A.  Entitlement to Fees and Costs Generally

Under the "American Rule," each party must pay its own attorneys' fees, unless a statute

or contract provides otherwise.  *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010)

(citations omitted); *In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005) (prevailing litigants are

generally not entitled to an award of attorneys' fees unless provided by statute or contract).

Relevant to the instant case are 42 U.S.C. § 12205 (governing ADA actions) and 42 U.S.C. § 3613

(governing FHA actions).  Both statutes give the court discretion to award prevailing party (other

than the United States) reasonable attorney's fees, including litigation expenses and costs.

42 U.S.C. §§ 12205, 3613(c)(2).  Here, because the District Court granted Defendant's motion for

summary judgment and the Eleventh Circuit affirmed that ruling on appeal, Defendant is the

prevailing party.  (ECF Nos. 251, 302); *Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995) (a

defendant who obtains summary judgment in its favor is the prevailing party).

### B.    Attorneys' Fees and Costs to Prevailing Defendants in Civil Rights Actions

Plaintiffs' Complaint included claims under the ADA and the FHA.  *See generally*

(ECF No. 1).  Courts have found that the rationale and policy considerations supporting an award

3

of attorney's fees under Title VII apply equally to attorney's fees under the ADA.[3] *Bruce v. City of Gainesville, Ga.*, 177 F.3d 949, 951 (11th Cir. 1999) (noting that the rationale in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978) regarding Title VII "applies squarely in ADA cases"). Under Title VII, a prevailing plaintiff should ordinarily be awarded attorneys' fees in all but special circumstances. *Bruce*, 177 F.3d at 951 (citing *Christiansburg*, 434 U.S. at 416-17). However, the equitable and policy considerations supporting an award of fees to a prevailing civil rights plaintiff do not apply to prevailing defendants, as to whom a more stringent standard applies. *Id.*

As to prevailing defendants, "a district court may in its discretion award attorney's fees to a prevailing *defendant* in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Bruce*, 177 F.3d 951 (citing *Christiansburg*, 434 U.S. at 418-21) (emphasis added). Moreover, for a plaintiff's claims "[t]o be deemed 'meritless' for purposes of assessing a prevailing defendant's [entitlement to] attorney's fees, it is not enough that the plaintiff . . . ultimately lost [the] case." *Id.*; *Head*, 62 F.3d at 356 ("Merely because plaintiff did not ultimately prevail on [its] federal claims does not determine that [the] claims were groundless."). Thus, "the grant of summary judgment, in and of itself, does not mean that an action is frivolous." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998).

Additionally, the determination of whether a case is frivolous is to be made on a case-by-case basis, considering three factors: "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Bruce*, 177 F.3d at 952 (citing *Sullivan v. School*

---

[3] The District Court also noted that "[c]ourts often analyze claims brought under the ADA and FHA in tandem due to their similarities." Summary Judgment Order at 18 (citing *Palm Partners, LLC v. City of Oakland Park*, 102 F. Supp. 3d 1334, 1342 n.4 (S.D. Fla. 2015)).

*Board of Pinellas Cty.*, 773 F.2d 1182, 1189 (11th Cir.1985)).  Although these factors provide general guidance for the Court, they are not determinative and there are no hard and fast rules for determining frivolity.  *Id*.  Further, "[i]n determining whether a claim is frivolous, the Court views the evidence in the light most favorable to the non-prevailing plaintiff."  *Barnes v. Zaccari*, 592 F. App'x 859, 872 (11th Cir. 2015) (citing *Cordoba v. Dillard's, Inc*. 419 F.3d 1169, 1179 (11th Cir. 2005)).

## III.  AN AWARD OF ATTORNEYS' FEES AND NON-TAXABLE COSTS IS UNWARRANTED

### A.  *The District Court Proceedings*

#### 1.  *The Motion*

Defendant seeks $398,546 in attorneys' fees and $16,271.02 in non-taxable costs in connection with the District Court proceedings.  (ECF No. 303 at 14).  In support of its request, Defendant generally argues that Plaintiffs brought a "frivolous action" and "continued to litigate [the case] long after it became apparent that [Owner] was the source of the controversies in [the] complaint."  (ECF No. 303 at 10).  More specifically, with reference to the three factors used by courts to analyze the frivolity of a claim, Defendant argues that: (i) Plaintiffs failed to establish a prima facie case under all theories of recovery for the ADA and FHA claims; (ii) Defendant did not serve an offer of judgment or proposal for settlement; and (iii) the case was dismissed on summary judgment without a trial on the merits.  (ECF No. 303 at 4-11).  Defendant asserts that these factors weigh in its favor so that fees should be awarded.

In response, Plaintiffs urge the Court to "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, [its] action must have been unreasonable or without foundation."  (ECF No. 312 at 1) (citing *Christiansburg*, 434 U.S. at 421-22).  Specifically, Plaintiffs argue that: (i) Owner's claims were based on substantial evidence and there has been no finding, by either the District Court or the Eleventh

Circuit, that those claims were frivolous so as to justify Defendant's request for an award fees against a civil rights plaintiff; (ii) both the District Court and the Eleventh Circuit gave this action careful review and attention; and (iii) Defendant made a settlement offer and expressed on the record that it was open to settlement. *See* (ECF No. 312 at 7-12).

### 2. *Attorney's Fees for District Court Proceedings are Unwarranted*

In evaluating the merits of Plaintiffs' claims (despite their ultimate dismissal), the undersigned finds instructive the District Court's earlier ruling on Defendant's motion to dismiss. Specifically, on January 4, 2018, the District Court denied Defendant's motion to dismiss and found that Plaintiffs had sufficiently alleged their claims for equitable estoppel (Count II); declaratory and injunctive relief regarding the medical use permitted at the Property (Counts III-IV); declaratory relief regarding whether a detoxification facility falls within the definition of "Group Care Facility" and injunctive relief enjoining Defendant from preventing Plaintiffs from operating a detoxification facility at the Property (Counts V-VI); declaratory relief, injunctive relief, and damages under the ADA (Counts VII-VIII); and injunctive relief and damages under the FHA (Count IX).[4] (ECF No. 26) (minutes of 1/4/2018 hearing on motion to dismiss); (ECF No. 30 at 38-40). For example, the transcript of the hearing on Defendant's motion to dismiss reflects an extensive exchange between the Court and the parties. Notably, nothing in the dialogue or the Court's ruling supports a finding that Plaintiffs' claims were frivolous, unreasonable, or without foundation at the commencement of the case. *See generally* (ECF No. 30). Thus, the litigation proceeded through extensive discovery, until its conclusion at summary judgment.

---

[4] The District Court found the claim for a Writ of Mandamus (Count I) moot based upon Defendant's release of the Certificate of Occupancy. (ECF No. 30 at 3, 38).

On September 17, 2018, the District Court granted Defendant's Motion for Summary Judgment.  After hundreds of pages of briefing and more than an hour-long oral argument, the District Court entered a detailed and comprehensive 46-page Order, concluding that "[b]ecause there was no genuine issue of material fact that Plaintiffs did not submit a request for reasonable accommodation through Defendant's established procedures, Defendant [was] entitled to judgment as a matter of law on Plaintiffs' reasonable accommodations claims under the ADA and FHA."  Summary Judgment Order at 37; *see also* (ECF No. 231) (minutes of 9/7/2018 hearing on motions for summary judgment).  Further, the Court found that "Plaintiffs do not and cannot have vested rights in "operating a medical facility" because they were never approved for, nor did they ever even apply to operate one," so that Defendant was entitled to judgment as a matter of law on Plaintiffs' claims regarding vested rights to operate a medical facility.  Summary Judgment Order at 44.  Lastly, the District Court found that "declaratory and injunctive relief [were] neither necessary nor warranted" in that "Defendant [had] not discriminated against Plaintiffs in violation of the ADA and FHA."  Summary Judgment Order at 45.  Moreover, in analyzing Plaintiffs' claim of discriminatory disparate treatment, the District Court commented that "[r]ather than revealing any invidious purpose by City officials, the overwhelming weight of the evidence shows that Defendant's actions stem from Plaintiffs' furtive attempts to operate a detoxification facility, not an assisted living facility as approved."  Summary Judgment Order at 30.  Despite the Court's ruling, the District Court at no point opined or suggested that Plaintiffs' claims were frivolous, unreasonable, or without foundation upon dismissal.

Against this backdrop, the undersigned next considers the three factors that help guide its analysis of whether this case was frivolous.  *Bruce*, 177 F.3d at 952 (citing *Sullivan*, 773 F.2d at

1189).  Having considered these factors, and in the exercise of Court's discretion, the undersigned finds that the equities lie in favor of Plaintiffs and against awarding fees to Defendant.

As to the first factor, although Plaintiffs were unsuccessful at summary judgment, Plaintiffs sufficiently alleged their claims to survive a motion to dismiss.  *See supra* Section III.A.2. Moreover, nothing in the extensive District Court record supports a finding that those claims were so clearly unfounded as to now weigh in favor of an award of attorneys' fees against Plaintiffs. *Bonner v. Mobile Energy Servs. Co.*, 246 F.3d 1303, 1305 (11th Cir. 2001) ("Taken together, we cannot say that [plaintiffs'] were actionably frivolous or unreasonable in maintaining their gender discrimination claim through the summary judgment stage.").  Simply stated, the undersigned is not persuaded that the action was so "patently devoid of merit as to be frivolous." *Bonner*, 246 F.3d 1305  (citing *Sullivan*, 773 F.2d at 1189); *Bruce*, 177 F.3d at 952 (reversing fee award to prevailing defendant where plaintiff's claim was not unreasonable under the circumstances and was not factually or legally groundless as to constitute a frivolous suit from the outset); *Sayers v. Stewart Sleep Ctr., Inc.*, 140 F.3d 1351, 1353-54 (11th Cir. 1998) (reversing fee award to prevailing defendant where plaintiff's claims were not frivolous, unreasonable, unfounded or brought in bad faith).

As to the second factor, Defendant asserts that it did not serve an offer of judgment or settlement proposal on Plaintiffs.  (ECF No. 303 at 10).  Nevertheless, Defendant acknowledges that it participated in Court-ordered mediation (at which an offer was purportedly made) and indicated in the Joint Scheduling Order and Discovery Plan that it was "open to settlement negotiations."  (ECF Nos. 9 at 2, 59); *see also* (ECF No. 316 at 5).  Notably, "[i]n the absence of evidence of an offer of a substantial amount in settlement, this factor does not support either party." *Quintana v. Jenne*, 414 F.3d 1306, 1310 (11th Cir. 2005).  Thus, this factor is, at best, neutral and

does not weigh in favor of an award of attorneys' fees.  Alternatively, Defendant's purported settlement offer weighs against a fee award.

Lastly, as to the third factor, this action was dismissed in Defendant's favor at summary judgment and did not proceed to trial.  Nevertheless, the 46-page Summary Judgment Order (ECF No. 251), the 22-page Eleventh Circuit affirmance (ECF No. 303-1), the corresponding oral arguments before each Court (ECF Nos. 312-1, 323-1), and the lengthy record reflect that this case was a "protracted zoning dispute" intensely litigated by both sides. (ECF No. 303-1 at 2).  Accordingly, this factor does not necessarily weigh in favor of awarding attorneys' fees to Defendant.

In sum, after considering the relevant factors, and in the exercise of its discretion, the undersigned concludes that an award of attorneys' fees against Plaintiffs and in favor of the prevailing Defendant is not appropriate.  This conclusion is supported by the policy considerations underlying ADA and FHA actions.  Indeed, "[c]are must be taken to remain sensitive to the policy considerations militating against imposing fees on unsuccessful plaintiffs in discrimination claims which might 'discourage all but the most airtight claims' and 'undercut the efforts of Congress to promote the vigorous enforcement provisions of Title VII.'"  *Bonner*, 246 F.3d at 1305 (citing *Christiansburg*, 434 U.S. at 421-22).  Moreover, "[t]he fact that a plaintiff may ultimately lose [its] case is not in itself a sufficient justification for the assessment of fees."  *Hughes v. Rowe*, 449 U.S. 5, 14 (1980); *see also Head*, 62 F.3d at 356 ("Merely because plaintiff did not ultimately prevail on [its] federal claims does not determine that [the] claims were groundless.").

Accordingly, viewing the claim in the light most favorable to the non-prevailing Plaintiffs, *Barnes*, 592 F. App'x at 872, the undersigned finds that Plaintiffs' claims were not frivolous and

recommends that Defendant's Renewed and Revised Verified Motion for Attorneys' Fees (ECF No. 303) be denied.

### B. Non-Taxable Costs are Not Recoverable

Within Defendant's Motion for Attorneys' Fees, Defendant also seeks $16,271.02 in non-taxable costs related to mediation and expert fees incurred during the District Court proceedings. (ECF Nos. 303 at 14, 316 at 11).  Although a party entitled to recover attorneys' fees under the *Christiansburg* standard may also recover expert fees and non-taxable costs, *Attea v. Univ. of Miami (Miller Sch. of Med.)*, No. 12-23933-CIV, 2015 WL 5921790, at *4 (S.D. Fla. Apr. 15, 2015), the undersigned has already concluded that Defendant is not entitled to recover its attorneys' fees under the ADA or FHA.  *See supra* Section III.A.2.

Having found that Defendant is not entitled to an award of fees, the undersigned similarly finds that Defendant is not entitled to an award of non-taxable costs.  *See, e.g.*, *Alexsam, Inc. v. WildCard Sys., Inc.*, No. 15-CV-61736, 2019 WL 2245420, at *14 (S.D. Fla. Feb. 13, 2019), *report and recommendation adopted*, No. 15-CV-61736, 2019 WL 1010241 (S.D. Fla. Mar. 4, 2019) (denying non-taxable costs where defendant failed to demonstrate entitlement to costs under any statute beyond § 1920); *Tamiami Condo. Warehouse Plaza Ass'n, Inc. v. Markel Am. Ins. Co.*, No. 1:19-CV-21289, 2020 WL 6585873, at *7 (S.D. Fla. Sept. 11, 2020), *report and recommendation adopted*, No. 19-21289-CIV, 2020 WL 6581641 (S.D. Fla. Nov. 10, 2020) (noting that "absent explicit statutory authorization, courts are limited to awarding the costs enumerated in 28 U.S.C. § 1920."); *Alvarez v. Sch. Bd. of Broward Cty., Fla.*, No. 16-60310-CIV, 2016 WL 10518749, at *2 (S.D. Fla. Nov. 21, 2016), *report and recommendation adopted*, No. 16-60310-CIV, 2016 WL 10519180 (S.D. Fla. Dec. 12, 2016) (awarding a prevailing defendant in ADA case only those

costs permitted under 28 U.S.C. § 1920). Accordingly, the undersigned recommends against an award of non-taxable costs.

### C.   An Award of Appellate Fees is Unwarranted

Defendant seeks an additional $37,732 in appellate attorney's fees.  (ECF No. 318 at 21). Defendant's motion for appellate attorneys' fees is based on similar arguments as its request for fees in connection with the District Court proceedings, and is controlled by the same legal principles.  *See generally* (ECF No. 318); *Young v. New Process Steel, LP*, 419 F.3d 1201, 1206 (11th Cir. 2005) ("The *Christiansburg* rule applies not only to trials in civil rights cases, but also to appeals by plaintiffs in them.").  Thus, appellate attorneys' fees can only be awarded upon a finding that the appeal was frivolous.  *Bruce*, 177 F.3d at 951 (citing *Christiansburg*, 434 U.S. at 412).  "In determining whether a claim is frivolous, the Court views the evidence in the light most favorable to the non-prevailing plaintiff."  *Barnes*, 592 F. App'x at 872.

In opposing Defendant's request for appellate attorneys' fees, Plaintiffs emphasize the scope of the Eleventh Circuit's proceedings, including oral argument.  *See generally* (ECF No. 323).  Although Plaintiffs' appeal was ultimately unsuccessful, Plaintiffs stress that the Eleventh Circuit proceedings and resulting Order do not support a finding that Plaintiffs' appeal was frivolous, unreasonable, or without foundation.  (ECF No. 323 at 5-14).

Here, the undersigned considers the Eleventh Circuit's Order affirming the District Court's grant of summary judgment in Defendant's favor.  (ECF No. 303-1).  Like the Order on Summary Judgment, the appellate decision was a lengthy and comprehensive Order that substantively addressed all of Plaintiffs' claims and arguments.  Once again, although Plaintiffs' arguments were ultimately unavailing, the Eleventh Circuit's Order does not support a finding that Plaintiffs' claims were frivolous, unreasonable, or without foundation.  Rather, the transcript of oral argument

before the Eleventh Circuit confirms that the panel actively questioned both parties, with one Judge noting that he would have to "ruminate" on the arguments regarding the ADA and FHA claims of discrimination.  (ECF Nos. 323 at 11, 323-1 at 17).

Accordingly, for the reasons discussed above regarding the proceedings before the District Court, the undersigned finds that Plaintiffs' appeal was not frivolous, unreasonable, or unfounded. As evidenced by the record, the Eleventh Circuit afforded Plaintiffs' claims careful attention and review, conducted extensive oral argument, and issued a 22-page Order.  This record does not support a finding of frivolity.  *Young*, 419 F.3d at 1208  ("[The Eleventh Circuit] will award a defendant who succeeds in preserving a judgment against a plaintiff in a civil rights case attorney's fees *only if* [it] find[s] that the plaintiff's appeal turned out to be frivolous, unreasonable, or without foundation within the meaning of the *Christiansburg* decision.").  Accordingly, the undersigned recommends that Defendant's Verified Motion for Appellate Attorneys' Fees (ECF Nos. 318, 319) be denied.

## IV. <u>AN AWARD OF TAXABLE COSTS IS APPROPRIATE</u>

Under Federal Rule of Civil Procedure 54, unless a federal statute, the federal rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.  Fed. R. Civ. P. 54.  Thus, for purposes of Rule 54(d), a prevailing defendant is entitled to its costs unless the District Court has some special reason to deny the costs.  *See, e.g.*, *Quinto v. Universal Parking of Fla., LLC*, No. 15-21055-CIV, 2016 WL 8740232, at *2 (S.D. Fla. June 10, 2016), *report and recommendation adopted*, No. 15-21055-CV, 2016 WL 8739322 (S.D. Fla. June 30, 2016) ("The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined-the court must award costs

unless it states good reasons for denying them."); *see also U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) ("Prevailing parties are entitled to receive costs under [Rule] 54(d).").

Moreover, although the Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920, the Court may not tax as costs items not authorized by the statute. *See, e.g.*, *Crawford Fitting Co. v. J. T. Gibbons, Inc.,* 482 U.S. 437, 445 (1987); *W&O, Inc.*, 213 F.3d at 620 (citing *Crawford Fitting,* 482 U.S. at 445).[5]  The items that may be taxed as costs under § 1920 include: (i) fees of the Clerk and Marshal; (ii) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (iii) fees and disbursements for printing and witnesses; and (iv) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.  28 U.S.C. § 1920(1)-(4).  Lastly, although the Court has discretion in determining whether to award costs to a prevailing party, the Court must give a reason for denying costs.  *Head*, 62 F.3d at 354.

Here, Defendant seeks $23,511.13 in taxable costs, which include: fees of the Clerk and Marshal ($529.75); fees for printed or electronically recorded transcripts ($22,241.77); fees for witnesses ($162.34); and fees for copies necessarily obtained for use in the case ($577.27).  (ECF No. 304 at 3, 5, 11, 12).  Plaintiffs oppose the award of taxable costs, arguing that: (i) the Owner's claim was meritorious and brought in good faith; (ii) the significant economic disparity between Plaintiffs and Defendant weigh against an award of costs; and (iii) an award of costs would have a chilling effect on ADA and FHA litigation.  *See generally* (ECF No. 313 at 6-9).  Alternatively, Plaintiffs argue that most costs incurred by Defendant were unnecessary and unreasonable.  *Id.* at 9-13.

---

[5] Pursuant to Local Rule 7.3, a bill of costs must also include documentation showing the amount of costs and a supporting memorandum.  S.D. Fla. L.R. 7.3(c).

Plaintiffs' arguments are unpersuasive. First, although Plaintiffs' claims were not so unreasonable or unfounded as to support an award of attorneys' fees and non-taxable costs against Plaintiffs under the ADA or FHA, Rule 54 establishes a different standard for the award of costs. As to costs, Rule 54 creates a presumption in favor of awarding costs to a prevailing party. *Chapman v. AI Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000). Here, Plaintiffs have not overcome that presumption. Indeed, even accepting Plaintiffs' representation that their claims were brought in "good faith" and resulted in a "hard-fought" litigation, *see* (ECF No. 313 at 6-7), this is nevertheless insufficient to overcome the presumption in favor of an award of costs under Rule 54; *see also Alvarez*, 2016 WL 10518749, at *2 (recommending awarding a prevailing defendant costs pursuant to Rule 54(d) and not the ADA).

Further, although Plaintiffs' financial status is a factor that the Court may consider, it is not determinative of whether costs should be awarded to the prevailing party pursuant to Rule 54(d). *Chapman*, 229 F.3d at 1039 (noting that in awarding costs, a court should not consider the relative wealth of the parties). Here, Plaintiffs filed an Affidavit in Support of Plaintiffs' Opposition to Defendant's Renewed and Revised Bill of Costs and to Defendant's Entitlement to Attorneys' Fees and Costs. (ECF No. 314). But that Affidavit is not enough to overcome the presumption in favor of an award of costs. *See, e.g.*, *Morris v. Precoat Metal*s, No. 2:11-CV-0053-SLB, 2013 WL 830868, at *7 (N.D. Ala. Mar. 4, 2013) (noting that good faith and limited financial resources are not enough to overcome the presumption of an award of costs). Rather, there must be a sound basis and substantial documentation of a true inability to pay. *Id.* (noting that substantial documentation includes more proof than simply "self-serving statements that one is unable to pay the costs sought.") (citations omitted). Here, Plaintiffs have not provided substantial evidence of a true inability to pay.

Lastly, Plaintiffs rely on *Association of Mexican-American Educators v. State of California*, 231 F.3d 572, 592 (9th Cir. 2000) for the proposition that an award of costs would have a chilling effect on ADA and FHA litigation. (ECF No. 313 at 8-9). But Plaintiffs' reliance is misplaced. Not only is *Association of Mexican-American Educators* not binding on this Court, but the case is also factually distinguishable from the instant litigation. More specifically, unlike this action, which involved two for-profit corporations, *Association of Mexican-American Educators* involved three nonprofit organizations that represented the interests of minority educators in a wide-reaching class action suit against the State of California. *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 578 (9th Cir. 2000).

Accordingly, the undersigned finds that Plaintiffs have not overcome the presumption that prevailing parties are to be awarded costs under Rule 54(d). Thus, Defendant should be entitled to costs under Rule 54 as a prevailing party. The Court next considers the claimed costs to determine whether they are recoverable.

### A. *Fees of the Clerk and Marshal*

Defendant seeks $529.75 for service of 12 subpoenas. (ECF No. 304 at 4); *see also* (ECF No. 303-4 at 3-14) (invoices for service of process on numerous witnesses). Although Plaintiffs expressly challenge other costs (e.g., certain deposition transcripts), Plaintiffs do not challenge the costs associated with service of process.[6] *See generally* (ECF No. 313). Rather, Plaintiffs summarily argue that Defendant "did not need more than a dozen depositions and third-party subpoenas." (ECF No. 313 at 10).

---

[6] Plaintiffs' only reference to service costs is for witness Blackman. (ECF No. 313 at 12 n.14). However, the passing footnote reference is perfunctory and unpersuasive. Moreover, arguments not properly raised before the District Court are waived. *Barron v. Fed. Reserve Bank*, 129 F. App'x 512, 518 (11th Cir. 2005).

15

In relevant part, 28 U.S.C. § 1920(1) permits the court to award fees for private service of process, so long as these costs do not exceed the fees permitted by statute. *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1332-33 (S.D. Fla. 2009); *see also Guerra v. Ameri-Clean Pumping, Inc.*, No. 18-22998-CV, 2019 WL 1859243, at *4 (S.D. Fla. Apr. 25, 2019) (awarding costs for service of process). The Court is also guided by the statutory limit set forth in 28 C.F.R. § 0.114, which provides that fees charged by the United Sates Marshals Service for personal service of process are $65 per hour. *See also Monelus*, 609 F. Supp. 2d at 1333. Here, all but two of the invoices included with Defendant's Bill of Costs are within the $65 rate established by the federal regulations. Specifically, the two invoices for service upon Ben Ziskal (at $105.75) and Cathy Claud (at $75) exceed the statutory limit. (ECF No. 304-3 at 7, 9). Thus, these expenses should each be reduced to the $65 rate, resulting in a total award of $130 (i.e., a reduction of $50.75). *See, e.g., Guerra*, 2019 WL 1859243, at *4 (reducing service of process cost by $10). Accordingly, the undersigned recommends awarding Defendant the reduced amount of $479 as taxable costs for service of process ($529.75 (total amount requested) - $50.75 (reduction for two invoices exceeding the statutory allowance)).

### B. Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in Case

Next, Defendant seeks $22,241.77 in costs for deposition and hearing transcripts that it argues were necessarily obtained for use in the case, including deposition transcripts for 18 witnesses. (ECF No. 304 at 4-11); *see also* (ECF No. 304-3 at 1) (Bill of Costs); (ECF No. 304-3 at 15-37). In opposition, Plaintiffs generally argue that the depositions were unnecessary and were the result of Defendant's "strategy of driving up costs in order to disadvantage Owner, an individual with limited resources." (ECF No. 313 at 10, 11). More specifically, Plaintiffs urge the Court to exercise its discretion and deny the cost of deposition transcripts for the following

seven witnesses:   Richard Simon, Steven Love, Margaret Farley, Dan Tintner, David Coven, Wesley Blackman, and Benjamin Ziskal.   *Id.* at 10-13.

Taxation of deposition costs is authorized by § 1920(2) and are generally taxable as long as they were necessarily obtained for use in the case.   *See W&O*, 213 F.3d at 620; *McDaniel v. Bradshaw*, No. 10-81082-CIV, 2011 WL 6372788, at *2 (S.D. Fla. Dec. 20, 2011) ("in determining whether the cost of a particular deposition is taxable, 'the district court must evaluate the facts of each case and determine whether all or any part of a copy of any or all of the depositions was necessarily obtained for use in the case.'") (citations and quotations omitted).   In determining the necessity of a deposition, the deposition must only appear to have been reasonably necessary at the time it was taken.   *See W&O*, 213 F.3d at 620-21.   Moreover, under § 1920(2), the cost of transcripts and the attendance fee of the court reporter are also recoverable.   *See Whittier v. City of Sunrise*, No. 07-60476-CIV, 2008 WL 5765868, at *5 (S.D. Fla. Dec. 3, 2008) (awarding reimbursement of transcript and stenographer's attendance fee).   "A district judge has great latitude in determining whether a deposition was 'necessarily obtained for use in the case' or was obtained merely for the convenience of the attorneys."   *McDaniel*, 2011 WL 6372788, at *2.

In support of its request for the cost of deposition transcripts, Defendant summarizes the witnesses' role in the litigation and relevance of their testimony for all 18 witnesses.   *See* (ECF No. 304 at 5-9).   Plaintiffs, as the non-prevailing parties, have the burden to demonstrate that a cost is not taxable, "unless the knowledge regarding the proposed cost lies within the exclusive knowledge of the prevailing party."   *Buccellati Holding Italia SPA v. Laura Buccellati LLC*, No. 13-21297-CIV, 2015 WL 11202358, at *6 (S.D. Fla. Mar. 10, 2015).

Based on the litigation record, Defendant's description of the witnesses' testimony, and Plaintiffs' failure to specifically object to 11 of the 18 deposition transcripts, the undersigned finds

that the 11 unobjected-to deposition transcripts were necessarily obtained for use in the case. *See, e.g., W&O*, 213 F.3d at 621 (upholding taxing for deposition costs). Accordingly, Defendant should recover the deposition costs for the following 11 witnesses: Owner, Keith Poliakoff, Linda Potere, Val Chiasson, Cathy Claud, Henry Iler, Edward T. Wolper, Steven Friedman, Andrew Pinney, Richard Nixon, and Arlene Schwartz.

Plaintiffs, however, specifically object to the costs of the deposition transcripts of the following seven witnesses: Benjamin Ziskal, Steven Love, Dan Tintner, Richard Simon, C. Wesley Blackman, David Coven, and Margaret Farley. *See* (ECF No. 313 at 10-13). The undersigned addresses these objected-to depositions below.

*Depositions Filed in Connection with Motions for Summary Judgment*
*(Benjamin Ziskal, Steven Love )*

Despite Plaintiffs' opposition, the record reveals that the depositions of Benjamin Ziskal and Steven Love were used in support of summary judgment. *See, e.g.*, (ECF No. 134) (Plaintiffs' Notice of Filing Deposition of Benjamin Ziskal in support of Plaintiffs' Motion for Partial Summary Judgment); (ECF No. 147) (Plaintiffs' Motion for Partial Summary Judgment); (ECF No. 194) (Plaintiff's Notice of Filing Deposition of Steven Love); (ECF No. 195) (Plaintiffs' Response in Opposition to Defendant City of Margate's Motion for Final Summary Judgment).[7] Accordingly, the costs for these deposition transcripts are recoverable as necessarily obtained for use in the litigation. *See, e.g., McDaniel*, 2011 WL 6372788, at *2 (awarding costs for depositions used in support of summary judgment).

---

[7] Further, the deposition costs for Ziskal included video and synchronization costs. (ECF No. 304 at 10).

*Depositions Relied upon by the Court*
*(Dan Tintner)*

Plaintiffs challenge the award of costs for the deposition of Dan Tintner, an architect/planner who sought a zoning change for an unrelated facility near the Property. (ECF Nos. 304 at 6, 313 at 13). The record reveals that the Court referenced Tintner's deposition testimony in analyzing Plaintiffs' futility argument to grant Defendant's motion for summary judgment. *See* (ECF No. 251 at 36-37) (discussing the zoning application of Atlantic Medical Center). Accordingly, the undersigned finds that this deposition transcript was also necessarily obtained for use in the litigation so as to warrant an award of costs.

*Depositions Relevant to the Facts of the Case/Motions*
*(Richard Simon, C. Wesley Blackman, David Coven, and Margaret Farley)*

Plaintiffs challenge an award of costs for the deposition of Richard Simon, the architect who drew the plans for the renovation of the Property. (ECF Nos. 304 at 6, 313 at 12, 315 at 9-10). Although Plaintiffs do not dispute that Simon drew the Property plans, Plaintiffs try to downplay the importance of the witness' testimony. (ECF No. 313 at 12-13). Nonetheless, Plaintiffs filed Simon's deposition transcript in connection with discovery-related motions. *See* (ECF No. 93) (Notice of Filing Deposition Transcript of Richard Simon); (ECF No. 94) (Plaintiffs' Opposition to Defendant's Motion to Exceed the Number of Depositions Permitted under FRCP 30).

Similarly, Plaintiffs challenge an award of costs for the deposition of C. Wesley Blackman. (ECF No. 313 at 12). Plaintiffs, however, listed Blackman as a supplemental expert to "provide a rebuttal opinion regarding Ms. Mellgren's report [on] reasonable accommodation related consideration under the [ADA] and [FHA] in the context of land use and zoning compatibility." (ECF No. 89-2 at 2) (Plaintiffs' Rule 25 Supplemental Rebuttal Disclosures).

19

Lastly, Plaintiffs challenge the cost of the depositions of David Coven (Plaintiffs' transactional real estate attorney) and Margaret Farley (a consultant on "skilled nursing homes"). (ECF Nos. 304 at 8, 313 at 11-12, 315 at 7).  Notably, however, these depositions were the subject of a discovery-related motion before the Court.[8]  *See generally* (ECF Nos. 160, 167).

Thus, for the reasons discussed above, the undersigned finds that these deposition transcripts were necessarily obtained for use in the litigation and not for mere convenience. Moreover, there is no evidence to support Plaintiffs' argument that Defendant engaged in "excessive, expensive and unnecessary discovery tactics."  (ECF No. 315 at 7).  Accordingly, Defendant should be awarded $22,241.77, the full costs resulting from the depositions of the 18 witnesses.  (ECF No. 304 at 11); *see also* (ECF No. 304-3) (Bill of Costs, including supporting invoices).

C.      *Fees for Witnesses*

Defendant requests $162.34 in fees for four witnesses.[9]  (ECF Nos. 304 at 11, 304-3 at 2, 38-41).  28 U.S.C. § 1920(3) permits an award of witness fees as costs.  *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 463 (11th Cir. 1996).  As with service of process fees, Plaintiffs do not address this category of costs.  *See generally* (ECF No. 313).  Nevertheless, a witness who appears before a federal court or before any person authorized to take a deposition is entitled to fees and allowances, including an attendance fee of $40 per day for each day's attendance. *Morrison*, 97 F.3d at 463 (citing 28 U.S.C. § 1821, which governs per diem attendance fee and mileage generally).  Here, Defendant seeks slightly more than the statutorily permitted fee per

---

[8] Plaintiffs also filed Farley's deposition designations.  (ECF No. 239) (Plaintiffs' Notice of Filing Deposition Designation of Margaret Farley).

[9] The witnesses and respective fees are Keith Poliakoff ($40.12), Richard Simon ($40.42), Dan Tinter ($41.08), and Benjamin Ziskal ($40.72).  (ECF No. 304-3 at 2).

witness.  Accordingly, based on a review of the invoices attached to the Bill of Costs and the per diem statutory limit, the undersigned recommends that Defendant be awarded $160 for the four witness ($40 x 4).

### D.     Fees for Exemplification and the Costs of Making Copies of Any Materials Where the Copies are Necessarily Obtained for Use in the Case

Defendant seeks reimbursement for copying charges associated with making reduced size copies of oversized documents for use at depositions and summary judgment, which it split with Plaintiffs.  (ECF No. 304 at 12).  Defendant's Bill of Costs includes an invoice for $1,154.53 for these copies.  (ECF No. 304-3 at 42).  Plaintiffs again failed to specifically challenge this category of costs.  Rather, Plaintiffs summarily refer to "unexplained copying costs of $577.27."  (ECF No. 313 at 9).

"Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" are recoverable under 28 U.S.C. § 1920(4). The prevailing party cannot make unsubstantiated claims that copies of the documents were necessary. *See Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568, 1570 (N.D. Ga. 1992) (denying photocopying charges where party provided no explanation for copies); *Arnold v. Heritage Enters. of St. Lucie, LLC*, No. 13-14447-CIV, 2017 WL 8794776, at *3 (S.D. Fla. Sept. 21, 2017), *report and recommendation adopted*, No. 13-14447-CIV, 2018 WL 1795446 (S.D. Fla. Jan. 11, 2018) (amount claimed for exemplification and copies reduced for failing to demonstrate that copies were necessary).  Rather, the party moving for taxation of costs must present evidence "regarding the documents copied including their use or intended use." *Cullens v. Georgia Dept. of Trans.*, 29 F.3d 1489, 1494 (11th Cir. 1994); *Monelus*, 609 F. Supp. 2d at 1335.  The prevailing party also still bears the burden of submitting a request for expenses that enables the Court to determine what expenses were incurred and whether the party is entitled to them. *Compare Monelus*, 609 F. Supp.

2d at 1335-36 (recommending an award for copying costs where defendant provided detail and explanation for the copies made), *with Lee v. Am. Eagle Airlines, Inc.*, 93 F. Supp. 2d 1322, 1335-36 (S.D. Fla. 2000) (denying copying charges where the court had no way of knowing whether the photocopying rates were reasonable or even whether they were related to the action).

Based on Defendant's unrebutted explanation of the costs incurred for reduced-size photocopies, *see* (ECF No. 304 at 11-12), the undersigned recommends that Defendant be awarded $577.27 for this category of costs.[10]

In sum, the undersigned recommends that Defendant be awarded the following in costs:

| | Amount Requested | Amount Awarded |
|---|---|---|
| Fees of the Clerk and Marshal | $529.75 | $479 |
| Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in Case | $22,241.77 | $22,241.77 |
| Fees for Witnesses | $162.34 | $160 |
| Fees for Exemplification and the Costs of Making Copies of Any Materials Where the Copies are Necessarily Obtained for Use in the Case | $577.27 | $577.27 |
| **Total** | $23,511.13 | **$23,458.04** |

---

[10] The amount is half of the sum invoiced for the copying service. *See* (ECF Nos. 304 at 12, 304-3 at 42), which is consistent with Defendant's explanation that the parties agreed to split the costs of the reduced-size copies.

## V.   <u>RECOMMENDATION</u>

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that:

1.     Defendant's Renewed and Revised Verified Motion for Attorneys' Fees (ECF No. 303) be **DENIED**;

2.     Defendant's request for non-taxable costs within its Motion for Attorneys' Fees and Costs (ECF No. 303 at 14) be **DENIED**.

3.     Defendant's Verified Motion for Appellate Attorneys' Fees (ECF Nos. 318, 319) be **DENIED**; and

4.     Defendant's Renewed and Revised Motion for Bill of Costs (ECF No. 304) be **GRANTED IN PART**.  Pursuant to Rule 54(d), Defendant should be awarded **$23,458.04** in taxable costs.

Within **fourteen** (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R.  3-1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on December 9, 2020.

_____

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Beth Bloom
      All Counsel of Record