**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 17-cv-61894-BLOOM/Valle**

QUALITY OF LIFE, CORP.,
and MMJ FINANCIAL SERVICES, INC.,

      Plaintiffs,

v.

THE CITY OF MARGATE,

      Defendant.

_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S
<u>REPORT AND RECOMMENDATION</u>**

      **THIS CAUSE** is before the Court upon the Honorable Alicia O. Valle's Report and Recommendation, ECF No. [327] ("Report"). On December 9, 2020, Judge Valle issued her Report, recommending that the Court deny Defendant City of Margate's ("Defendant") Renewed and Revised Verified Motion for Attorneys' Fees and Costs, ECF No. [303] ("Motion for Fees and Costs"); grant, in part, Defendant's Renewed and Revised Motion for Bill of Costs, ECF No. [304] ("Motion for Bill of Costs") and award $23,458.04 in taxable costs; and deny Defendant's Verified Motion for Appellate Attorneys' Fees, ECF Nos. [318] & [319] ("Motion for Appellate Attorneys' Fees"). ECF No. [327] at 23. The Report advised that any objections to the Report's findings were due within fourteen days of receipt of the Report. *Id.*

      Defendant timely filed Objections to the Report, challenging only the denial of its Motion for Fees and Costs and Motion for Appellate Attorneys' Fees. ECF No. [328] ("Objections"). Plaintiffs subsequently filed a Response in Opposition to Defendant's Objections. ECF No. [331] ("Response"). This Court has conducted a *de novo* review of the record, including the portions of

the Report to which Defendant has objected, in accordance with 28 U.S.C. § 636(b)(1)(C), and the remainder of the Report for clear error, and finds that the Objections are without merit and are therefore overruled. *Taylor v. Cardiovascular Specialists, P.C.*, 4 F. Supp. 3d 1374, 1377 (N.D. Ga. 2014) (citing *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983)).

## I.  BACKGROUND

The Court assumes the reader's familiarity with the facts underlying this case and does not repeat them. Additionally, the Court adopts Judge Valle's description of the procedural history of this case. ECF No. [327] at 2-3.

## II.  LEGAL STANDARDS

### A.  District Court Review of a Report and Recommendation

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). Although Rule 72 is silent on the standard of review, the United States Supreme Court has determined Congress's intent was to require *de novo* review only when objections were properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate[] [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (alterations added)). A proper objection "identifie[s] specific findings set forth in the [Report] and articulate[s] a legal ground for objection." *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010) (alterations added) (citation omitted). "Frivolous, conclusive, or general objections need not be considered by the district court." *Id.* (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (internal quotation marks omitted) (citation omitted)); *see also Russell v. United States*, No. 11-20557-CIV, 2012 WL 10026019, at *1 (S.D. Fla. Apr. 17, 2012) (declining to address general or blanket

objections not specifically identifying aspects of the magistrate judge's report to which the petitioner objected).

### B. Attorneys' Fees and Non-Taxable Costs

Defendant does not object to Judge Valle's recitation of the standard for awarding attorneys' fees to a prevailing defendant in a civil rights action, which, in any event, is correct. As stated in the Report, "a district court may in its discretion award attorney's fees to a prevailing *defendant* in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Bruce v. City of Gainesville, Ga.*, 177 F.3d 949, 951 (11th Cir. 1999) (emphasis added) (quoting *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421 (1978)). The standard set forth in *Christiansburg* applies equally to awards of attorneys' fees sought by prevailing defendants under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the Fair Housing Act, 42 U.S.C. § 3601, *et seq.* ("FHA"). *Id.*; *see also Young v. New Process Steel, LP*, 419 F.3d 1201, 1206 (11th Cir. 2005) ("The *Christiansburg* rule applies not only to trials in civil rights cases, but also to appeals by plaintiffs in them."); *Attea v. Univ. of Miami (Miller Sch. of Med.)*, No. 12-23933-CIV, 2015 WL 5921790, at *4 (S.D. Fla. Apr. 15, 2015) ("A party entitled to recover attorney's fees under the *Christiansburg* standard may also recover expert fees and non-taxable costs." (citing *Hodge v. McNeil*, No. 08-23440-CIV, 2012 WL 663175, at *1 (S.D. Fla. Feb. 28, 2012))). Importantly, for a plaintiff's claims "[t]o be deemed 'meritless' for purposes of assessing a prevailing defendant's attorneys' fees, it is not enough that the plaintiff had ultimately lost his case." *Bruce*, 177 F.3d at 951.

The Eleventh Circuit Court of Appeals, recognizing that determinations of frivolity are to be made on a case-by-case basis, has set forth a three-part inquiry to guide a court's analysis: "(1)

whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Id.* (quoting *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1189 (11th Cir. 1985)). These factors, however, are "general guidelines only and not hard and fast rules." *Sullivan*, 773 F.2d at 1189. Moreover, in determining whether a claim is frivolous, a court must "view the evidence in the light most favorable to the *non*-prevailing plaintiff." *Barnes v. Zaccari*, 592 F. App'x 859, 872 (11th Cir. 2015) (emphasis in original) (quoting *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1179 (11th Cir. 2005)).

## III.    DISCUSSION

Defendant argues that it is entitled to attorneys' fees and costs under 42 U.S.C. § 12205 and 42 U.S.C. § 3613 because "this action was frivolous from the outset and Plaintiffs continued to litigate it knowing that [Plaintiff] Jimenez was the source of the controversies in this lawsuit." ECF No. [328] at 12. Defendant objects to Judge Valle's recommendation that the frivolity factors espoused by the Eleventh Circuit in *Sullivan* do not weigh in favor of awarding attorneys' fees because: (1) Plaintiffs failed to establish a *prima facie* case under all three theories of recovery under the ADA and FHA counts; (2) Defendant did not serve an offer of judgment or proposal for settlement; and (3) the case was dismissed on summary judgment without a trial on the merits. *Id.* 7-14.

The Court first notes that the majority of Defendant's Objections are improper because they largely expand upon and reframe arguments already made and considered by Judge Valle in her Report, or merely disagree with the Report's conclusions. Indeed, Defendant has copied, verbatim or with slight modifications, large portions of its briefs into its Objections to purportedly show the correctness of its analysis:

1. *Compare* EFC No. [328] at 7-12, *with* ECF No. [303] at 5-10 ("Plaintiffs failed to establish a *prima facie* case.").

2. *Compare* ECF No. [328] at 12-13, *with* ECF No. [303] at 10, *and* ECF No. [316] at 5 ("No offer of judgment or proposal for settlement served on Plaintiffs.").

3. *Compare* ECF No. [328] at 13-14, *with* ECF No. [303] at 10-11 ("The case was dismissed without trial on the merits.").

It is well settled that an objecting party may not "submit[] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a [Report]." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

The Court considers the frivolity factors espoused by the Eleventh Circuit in *Sullivan* in light of the Defendant's Objections. With respect to the first *Sullivan* factor, Defendant objects to Judge Valle's consideration of the proceedings at the motion to dismiss stage, arguing that "the facts as alleged by Plaintiffs" are "not relevant to a finding as to whether this litigation, in which [Defendant] was forced to incur attorneys' fees and costs, was without foundation." ECF No. [328] at 3. The Report, however, correctly considered each stage of the proceedings and found nothing in the record to support Defendant's contention that Plaintiffs' claims were frivolous, unreasonable, or without foundation at the commencement of the case, upon dismissal, and on appeal. ECF No. [327] at 6-8, 11-12. Indeed, despite the Court's grant of summary judgment in favor of Defendant, the Court found Plaintiffs' claims sufficiently meritorious and received careful attention and review, as evidenced by the hundreds of pages of briefing by each party, the lengthy

oral argument, and the Court's detailed 46-page Order, ECF No. [251]. *See Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998) ("The grant of summary judgment, in and of itself, does not mean that an action is frivolous[.]"); *see also Hughes v. Rowe*, 449 U.S. 5, 14 (1980) ("The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees."). Similarly, on appeal, the Eleventh Circuit issued a comprehensive 22-page Opinion, which substantively addressed all of Plaintiffs' claims and arguments. ECF No. [302]. Therefore, Defendant's Objection is without merit and is overruled.

Defendant further objects to the Report's finding that the second *Sullivan* factor does not weigh in favor of attorneys' fees. Specifically, Defendant takes issue with Judge Valle's finding that this factor "is, at best, neutral" because Defendant participated in court-ordered mediation, at which a settlement offer was purportedly made. ECF No. [327] at 8-9.[1] While Defendant does not deny making an offer of settlement at mediation, it maintains that any settlement offer should not be considered because "[Defendant] was not posited to ignore the Court's order that the parties attend mediation." ECF No. [328] at 12. However, there is no authority that would preclude the Court from considering that a settlement offer was, in fact, made during mediation. *See Quintana v. Jenne*, 414 F.3d 1306, 1310 (11th Cir. 2005) (considering a settlement offer made during mediation, and finding that without evidence of the settlement amount, the second *Sullivan* factor does not support either party); *Turner v. Inzer*, No. 4:11-CV-567-RS-WCS, 2013 WL 4648319, at *2 (N.D. Fla. Aug. 29, 2013) (same). Therefore, Defendant's Objection is without merit and is overruled.

---

[1] In the Report, Judge Valle considered the second *Sullivan* factor neutral because: (1) Defendant made a settlement offer at mediation; and (2) Defendant indicated in the parties' Joint Scheduling Report and Discovery Plan that it was "open to settlement negotiations." ECF No. [327] at 8-9; *see also* ECF No. [9] at 2. Defendant objects only to the first consideration.

Lastly, Defendant objects to the Report's finding that the third *Sullivan* factor does not weigh in favor of attorneys' fees because, although the case was dismissed without trial on the merits, the lengthy record reflects that the case was "intensely litigated by both sides." ECF No. [327] at 9. Defendant, however, argues that "given the length of the [C]omplaint," "numerous litigation events," and "filings which [Defendant] was required to submit to the various Courts[,]" Defendant "was forced to develop the record to controvert the Plaintiffs' various fictions, which were ultimately each found to be untrue." ECF No. [328] at 13. The Court is not persuaded. It is inconceivable that Defendant was "forced" to expend a total of $398,546.00 in attorneys' fees (2,339.9 billable hours) and a total of $39,782.15 in costs[2] for defending an "action [that] was frivolous from the outset." ECF No. [328] at 12. Rather, the amount of time, energy, and resources devoted to this matter necessarily contradicts Defendant's assertion that Plaintiffs' claims were frivolous or entirely without foundation. Defendant's final Objection is, therefore, overruled.

The Court has carefully reviewed the Report, the record, the applicable law, and is otherwise fully advised. Additionally, the Court has conducted a *de novo* review of the Report in light of Defendant's Objections. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). Upon review, the Court finds Judge Valle's Report to be well-reasoned and correct, and the Court agrees with the analysis set forth therein. As a result, the Defendant's Objections are overruled.

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Valle's Report and Recommendation, **ECF No. [327]**, is **ADOPTED**.

---

[2] Defendant seeks: (1) $398,546.00 in attorneys' fees and appellate attorneys' fees; (2) $16,271.02 in non-taxable costs; and (3) $23,511.13 in taxable costs. *See* ECF Nos. [303] at 13 and [304] at 3.

Case No. 17-cv-61894-BLOOM/Valle

2.  Defendant's Objections, **ECF No. [328]**, are **OVERRULED**.

3.  Defendant's Motion for Fees and Costs, **ECF No. [303]**, is **DENIED**.

4.  Defendant's Motion for Bill of Costs, **ECF No. [304]**, is **GRANTED IN PART**.

    Pursuant to Rule 54(d), Defendant is awarded **$23,458.04** in taxable costs.

5.  Defendant's Motion for Appellate Attorneys' Fees, ECF Nos. **[318] & [319]**, is

    **DENIED**.

6.  To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**,

    all pending motions are **DENIED** as moot, and all deadlines are **TERMINATED**.

7.  The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 17, 2021.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

The Honorable Alicia O. Valle

Counsel of Record

8